MICHAEL B. LUBIC (SBN 122591)
KEVIN S. ASFOUR (SBN 228993)
RACHEL BERMAN (SBN 352237)
K&L GATES LLP
10100 Santa Monica Boulevard
Eighth Floor
Los Angeles, CA 90067
Telephone: (310) 552-5000
Facsimile: (310) 552-5001
Email: michael.lubic@klgates.com
kevin.asfour@klgates.com
rachel.berman@klgates.com

Attorneys for Creditor Hu-HanTwo LLC

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| In re<br><br>201 EL CAMINO REAL, LLC,<br><br>                Debtor. | Case No. 3:23-bk-30465-DM<br><br>Chapter 7<br><br>Adv. Pro. No.<br><br>**ADVERSARY COMPLAINT** |
| HU-HANTWO LLC, derivatively on behalf of 201 El Camino Real, LLC,<br><br>                Plaintiff,<br><br>    v.<br><br>NARIMAN SEYED TEYMOURIAN; 2700 MIDDLEFIELD ROAD LLC; PALADIN FUNDING, INC.; BAYTECH HOLDINGS, LLC; and DOES 1-50;<br><br>                Defendants,<br><br>    and<br><br>JANINA M. HOSKINS, as chapter 7 trustee of 201 El Camino Real, LLC,<br><br>                Nominal Defendant,<br><br>                Defendants. | |

1

Plaintiff Hu-HanTwo LLC, a California limited liability company, derivatively[1] on behalf of 201 El Camino Real, LLC ("Plaintiff" or "HHT"), alleges as follows:

**JURISDICTION, VENUE, AND PARTIES**

1. The Court has jurisdiction over this adversary proceeding under 28 U.S.C. § 151, 157(b)(2), and 1334, and under Rule 5011-1 of the Bankruptcy Local Rules for the Northern District of California.

2. This adversary proceeding is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (B), (F), (H), and (O).

3. Venue is proper under 28 U.S.C. § 1409.

4. Plaintiff consents to entry of final judgment by the Bankruptcy Court.

5. Plaintiff is informed and believes and based thereon avers that Defendant Nariman Sayed Teymourian ("Teymourian") is an individual residing in Fairfield County, Connecticut.

6. Prior to moving to Connecticut, Teymourian lived in San Mateo County, California and, on October 3, 2023, Teymourian filed a voluntary petition under chapter 11 of the United States Bankruptcy Code, commencing the bankruptcy case known as *In re Nariman Sayed Teymourian*, currently pending in the above-entitled United States Bankruptcy Court (the "Bankruptcy Court") as Case No. 23-30668 DM (the "Teymourian Case"). The Teymourian Case converted to a case under chapter 7 on January 26, 2024. Teymourian's discharge was revoked on August 25, 2025.

7. Defendant 2700 Middlefield Road LLC ("2700 Middlefield") is a Delaware limited liability company with its principal place of business in San Mateo County, California. Plaintiff is informed and believes and based thereon avers that, at all relevant times herein, Teymourian was the sole owner and manager of 2700 Middlefield.

8. 201 El Camino Real LLC ("201ECR" or the "Debtor") is a California limited liability company with its principal place of business in San Mateo County, California. Plaintiff is informed

---

[1] Plaintiff will file a motion for authority to bring this action derivatively, on behalf of the bankruptcy estate of 201El Camino Real, LLC. This Complaint is filed prior to obtaining derivative standing in order to preserve all applicable statutes of limitation.

and believes and based thereon avers that, at all relevant times herein, Teymourian was the sole owner and manager of 201ECR.

9. Plaintiff filed an involuntary bankruptcy petition against 201ECR. An order for relief was entered against 201ECR on September 29, 2023. Janina M. Hoskins was appointed as chapter 7 trustee in the 201ECR bankruptcy case (the "Trustee") on October 3, 2024, and is the duly-appointed chapter 7 trustee in the above-captioned bankruptcy case (the "201ECR Case").

10. The Trustee is named herein as a nominal defendant on the following grounds:

   a. She is empowered and has standing to pursue the claims alleged herein on behalf of 201ECR;

   b. Plaintiff has made demand upon the Trustee to pursue the claims alleged herein;

   c. The Trustee has declined Plaintiff's demand;

   d. The claims alleged herein are colorable and would benefit the bankruptcy estate of 201ECR if successful; and

   e. The Trustee's refusal to pursue the claims alleged herein is unjustified.

11. Based upon the foregoing allegations, and as will be detailed in Plaintiff's forthcoming motion, Plaintiff will move this Court for an order granting Plaintiff standing to pursue the claims alleged herein derivatively, on behalf of the bankruptcy estate of 201ECR.

12. Defendant Paladin Funding, Inc. ("Paladin") is a California corporation with its principal place of business in Marin County, California.

13. Defendant Baytech Holdings, LLC ("Baytech") is a California limited liability company with its principal place of business in San Francisco County, California. Baytech filed a Short Form Cancellation Certificate with the California Secretary of State on December 19, 2022.

14. The names and true capacities, whether individual, corporate or otherwise, of defendants named herein as Does 1 through 50, inclusive, are unknown to Plaintiff, who therefore sues said defendants by such fictitious names. Plaintiff is informed and believes, and on the basis of such information and belief alleges, that defendants Does 1 through 50, inclusive, or some of them, participated in some or all of the acts as hereinafter alleged and are liable for the claims alleged herein.

3

When Plaintiff has ascertained the true names and capacities of Does 1 through 50, inclusive, it will seek leave of this Court to amend its complaint by setting forth the same.

**FACTUAL ALLEGATIONS**

15. HHT is the largest creditor of 201ECR. HHT sold valuable real property to 201ECR (the "Transaction") and holds a Promissory Note made by 201ECR in the original principal amount of $7,200,000 as partial consideration for the Transaction. The real property transferred was located at 210 El Camino Real, Menlo Park, CA 94025 and 612 Cambridge Avenue, Menlo Park, CA 94025 (the "Property").

16. Concurrent with the closing of the Transaction, 201ECR refinanced the Property and received approximately $2,600,000 in cash (the "Refinancing"). At closing, the $2.6 million was wired from escrow at First American Title Company to a Wells Fargo account of 201ECR. Plaintiff is informed and believes, and based thereon avers, that Teymourian had represented to his creditors, including HHT, that these funds would be used to develop the Property.

17. None of the funds from the Refinancing were used for the benefit of 201ECR. Instead, Teymourian caused 201ECR to transfer all of these funds to insider 2700 Middlefield (the "Conduit Transfer"). Plaintiff is informed and believes, and based thereon avers, that 201ECR did not receive any value in return for the Conduit Transfer, and that the Conduit Transfer rendered 201ECR insolvent or with unreasonably small capital.

18. In turn, insider 2700 Middlefield transferred the Refinancing funds to Baytech, Paladin, and Teymourian. Plaintiff is informed and believes and based thereon avers that the transfer of the Refinancing funds to Baytech, Paladin, and Teymourian rendered 2700 Middlefield insolvent or with unreasonably small capital.

19. Plaintiff is informed and believes and based thereon avers that Teymourian directly or indirectly transferred the Refinancing funds he received from 2700 Middlefield to third parties (the "Teymourian Transferees") Plaintiff is informed and believes and based thereon avers that the transfers to the Teymourian Transferees left Teymourian insolvent or with unreasonably small capital.

4

20. Plaintiff is informed and believes and based thereon avers that 2700 Middlefield transferred approximately $1,400,000 to Baytech and that neither 201ECR nor 2700 Middlefield received any value in return.

21. Plaintiff is informed and believes and based thereon avers that 2700 Middlefield transferred approximately $200,000 to Paladin and that neither 201ECR nor 2700 Middlefield received any value in return.

22. Plaintiff is informed and believes and based thereon avers that 2700 Middlefield transferred approximately $1,000,000 to Teymourian and that neither 201ECR nor 2700 Middlefield received any value in return.

23. The transfers of the Refinancing funds from 201ECR to insider 2700 Middlefield; and the transfers of the Refinancing funds from 2700 Middlefield to Baytech, Paladin, and Teymourian; and the transfers of the Refinancing funds from Teymourian to the Teymourian Transferees shall collectively be referred to herein at the "<u>Transfers</u>."

24. Because transfers from 201ECR to 2700 Middlefield were all initiated by Teymourian, both Baytech and Paladin are initial transferees of 201ECR for the purpose of the claims set forth herein.

25. Because transfers from 201ECR to 2700 Middlefield to Teymourian were all initiated by Teymourian, each of the Teymourian Transferees are initial transferees of 201ECR for the purpose of the claims set forth herein.

**FIRST CLAIM FOR RELIEF**
**Avoidance and Recovery of Fraudulent Transfers**
**11 U.S.C. § 548(a)(1)(A)**
(Against 2700 Middlefield, Baytech, Paladin, Teymourian and Does 1 through 50 and against the Trustee as Nominal Defendant)

26. Plaintiff realleges the allegations set forth in paragraphs 1 through 25 above and incorporates them by reference.

27. Plaintiff is informed and believes that the Transfers were made in an intentional effort to hinder, delay, and defraud creditors.

28. Plaintiff alleges that the Transfers were made within two years of the filing of the involuntary bankruptcy petition by HHT against 201ECR, and that the Transfers were transfers of

5

Case: 25-03039    Doc# 1    Filed: 09/29/25    Entered: 09/29/25 22:37:57    Page 5 of 8

interests of the Debtor in property, and were made with actual intent to hinder, delay, or defraud any entity to which the Debtor was indebted or became indebted on or after the date the transfers were made.

29. Based on the foregoing, Plaintiff requests judgment as set forth below.

### SECOND CLAIM FOR RELIEF
### Avoidance and Recovery of Fraudulent Transfers
### 11 U.S.C. § 548(a)(1)(B)
(Against 2700 Middlefield, Baytech, Paladin, Teymourian and Does 1 through 50 and against the Trustee as Nominal Defendant)

30. Plaintiff realleges the allegations set forth in paragraphs 1 through 25 above and incorporates them by reference.

31. Plaintiff alleges that the Transfers were made within two years of the filing of the involuntary petition by HHT against 201ECR, and that the Transfers were transfers of interests of the Debtor in property.

32. Plaintiff alleges that the Debtor received less than a reasonably equivalent value in exchange for the Transfers, that the Debtor was insolvent on the dates the Transfers were made, or became insolvent as a result of the transfers, or was engaged in a business or a transaction or was about to engage in a business or a transaction for which any property remaining with the Debtor was an unreasonably small capital, or the Debtor intended to incur or believed that he would incur debts that would be beyond his ability to pay if such debts matured.

33. Based on the foregoing, Plaintiff requests judgment as set forth below.

### THIRD CLAIM FOR RELIEF
### Avoidance and Recovery of Fraudulent Transfers
### 11 U.S.C. § 544(b); Cal. Civ. Code §§ 3934 et seq.
(Against 2700 Middlefield, Baytech, Paladin, Teymourian and Does 1 through 50 and against the Trustee as Nominal Defendant)

34. Plaintiff realleges the allegations set forth in paragraphs 1 through 25 above and incorporates them by reference.

35. Plaintiff alleges that the Transfers were transfers of interests of the Debtor in property and were made within four years of the date on which the involuntary petition was filed by HHT against 201ECR.

36. Plaintiff alleges that the Debtor received less than reasonably equivalent value in exchange for the Transfers.

37. Plaintiff alleges that the Debtor was insolvent on the dates the Transfers were made or became insolvent as a result of the Transfers, or was engaged in a business or transaction or was about to engage in a business or transaction for which any property remaining with the Debtor was unreasonably small capital.

38. Based on the foregoing, Plaintiff requests judgment as set forth below.

## FOURTH CLAIM FOR RELIEF
### Avoidance and Recovery of Fraudulent Transfers
### 11 U.S.C. § 544(b); Cal. Civ. Code §§ 3934 et seq.
(Against 2700 Middlefield, Baytech, Paladin, Teymourian and Does 1 through 50 and against the Trustee as Nominal Defendant)

39. Plaintiff realleges the allegations set forth in paragraphs 1 through 25 above and incorporates them by reference.

40. Plaintiff alleges that the Transfers were transfers of interests of the Debtor in property and were made within four years of the date on which the involuntary petition was filed by HHT against 201ECR.

41. Plaintiff alleges that the Debtor made the Transfers and incurred obligations relating to those transfers with actual intent to hinder, delay, or defraud any creditor of the Debtor.

42. Based on the foregoing, Plaintiff requests judgment as set forth below.

## FIFTH CLAIM FOR RELIEF
### Civil Theft
### Cal. Pen. Code § 496(c)
(Against 2700 Middlefield, Teymourian and Does 1 through 50 and against the Trustee as Nominal Defendant)

43. Plaintiff realleges the allegations set forth in paragraphs 1 through 25 above and incorporates them by reference.

44. Plaintiff alleges that the Transfers amounted to theft, concealment, and/or wrongful withholding of funds from the Debtor and/or its creditors.

45. Plaintiff alleges that Teymourian and 2700 Middlefield each engaged in the Transfers with knowledge that they amounted to theft, concealment, and/or wrongful withholding of funds from the Debtor and/or its creditors.

46. The bankruptcy estate of 201ECR and its creditors have been injured by the foregoing conduct.

47. Based on the foregoing, Plaintiff requests judgment as set forth below.

**REQUEST FOR RELIEF**

Plaintiff requests judgment as follows:

A. On Plaintiff's first and second claims for relief, for judgment against Defendants avoiding and recovering for the benefit of the estate the Transfers and any other transfer that may be proved at trial, under 11 U.S.C. §§ 548 and 550, and preserving those transfers for the benefit of the estate under 11 U.S.C. § 551.

B. On Plaintiff's third and fourth claims for relief, for a judgment against Defendants avoiding the Transfers and any other transfer to the Defendants that may be proved under 11 U.S.C. §§ 544(b) and 550, and California Civil Code Sections 3439 *et seq.*, and preserving those transfers for the benefit of the estate under 11 U.S.C. § 551.

C. On Plaintiff's fifth claim for relief, three times the actual damages incurred, together with attorney's fees and costs, pursuant to Cal. Pen. Code § 496(c).

D. For punitive damages against Teymourian and 2700 Middlefield.

E. For prejudgment interest and costs of suit.

F. For such other relief the Court deems appropriate.

MICHAEL B. LUBIC
KEVIN S. ASFOUR
RACHEL BERMAN
K&L GATES LLP

Dated: September 29, 2025        By: _____/s/ Michael B. Lubic_____
                                         Michael B. Lubic

Attorneys for Creditor Hu-HanTwo LLC

8

Case: 25-03039    Doc# 1    Filed: 09/29/25    Entered: 09/29/25 22:37:57    Page 8 of 8