Mark M. Garay (SBN 059389)
430 Ridge Road
Tiburon, California 94920
Telephone: (415) 722-0100
GarayLLC@Pacbell.net


Attorney for Adversary Defendant
PALADIN FUNDING, INC., a California Corporation

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re: | CHAPTER 7 |
| 201 EL CAMINO REAL, LLC, | CASE NO. 23-30465-DM |
| Debtor | Adv. Proc. No. 25-03039-DM |
| HU-HAN TWO LLC, derivatively on behalf of 201 El Camino Real, LLC, | RESPONSE OF UNSERVED DEFENDANT PALADIN FUNDING, INC. TO CREDITOR'S MOTION FOR DERIVATIVE STANDING |
| Plaintiff, | |
| v. | Date: March 13, 2026 |
| NARIMAN SEYED TEYMOURIAN; 2700 MIDDLEFIELD ROAD LLC; PALADIN FUNDING, INC.; BAYTECH HOLDINGS, LLC; and DOES 1-50, | Time: 10:00 a.m. Location: Zoom or In Person 450 Golden Gate Ave., 16th Floor San Francisco, CA 94102 |
| Defendants, and | |
| JANINA M. HOSKINS, as Chapter 7 Trustee of 201 El Camino Real, LLC, Nominal Defendant. | |

-0-

Case: 25-03039   Doc# 13   Filed: 03/10/26   Entered: 03/10/26 15:48:58   Page 1 of 8

{00098692.1}

# TABLE OF CONTENTS AND AUTHORITIES

SUMMARY OF ARGUMENT ...................................................................................................... 2

STATEMENT OF LAW

1. PLAINTIFF LACKED STANDING TO FILE THE COMPLAINT AND LACKS STANDING TO ASSERT THE ESTATE'S CLAIMS AGAINST PALADIN OR ANYONE ELSE, AND ANY NEWLY-PERMITTED COMPLAINT WOULD BE BARRED UNDER SEC. 546 ……………………………………………………………4

2. THE MERITS OF THE UNDERLYING CLAIM AS AGAINST PALADIN FAIL AS A MATTER OF LAW, AS THE ALLEGED PAYMENT BY DEBTOR TO PALADIN WAS FOR VALUE AND THUS CAN BE AVOIDED AS A PREFERENCE ONLY IF IT OCCURRED WITHIN 90 DAYS BEFORE THE FILING OF THE BANKRUPTCY, WHICH IS NOT THE CASE HERE...................................................... 7

3. THE MOTION SHOULD BE DENIED FOR LACK OF SERVICE ..………………… 9

*Statutes and Rules*

11 U.S.C. § 546 ........................................................................................................... 5, 6

Federal Rule of Bankruptcy Procedure 7012(b) ............................................................ 6

Federal Rule of Bankruptcy Procedure 9014(b). ........................................................... 7

*Case Citations*

Estate of Spirtos v. One San Bernardino County Superior Court Case Numbered SPR02211, 443 F.3d 1172 (9th Cir. 2006) ......................................................................................... 5

In re Bullion Reserve of North America, 922 F.2d 544 (9th Cir. 1991)....................................6-7

In re EPD Investment Co., LLC, 523 B.R. 680 (Bankr. C.D. Cal. 2015) ...................................5

In re Fitness Holdings Int'l, Inc., 714 F.3d 1141 (9th Cir. 2013)...............................................6

In re Interworks Unlimited Inc., 2022 WL 3446099 (B.A.P. 9th Cir. Aug. 19, 2022).................. 5

In re Roman Catholic Bishop of Great Falls (Bankr. D. Mont. 2018) 584 B.R. 335................... 5

Harrington v. Simmons (In re Simmons), No. 15-9005, 2016 WL 234516 (1st Cir. Jan. 20, 2016) ........................................................................................................ 9

In re Rosenblum, 545 B.R. 846 (Bankr. E.D. Pa. 2016) ........................................................ 6

Moneymaker v. CoBen (In re Eisen), 31 F.3d 1447 (9th Cir.1994)............................................ 5

-1-

{00098692.1}

`

Unserved Adversary Defendant PALADIN FUNDING, INC., a California Corporation, ("hereinafter Paladin"), by and through its undersigned counsel, hereby files its response to the motion of creditor and adversary plaintiff HU-HAN TWO LLC (hereinafter "HHT") "…for an order granting [HHT] derivative standing to prosecute … the claims set forth in the Complaint". Certainly, Paladin as an unserved defendant is not obliged to respond and of course would have a right to re-argue the points raised herein at a later time if HHT lawfully *were* to be given leave to pursue the alleged claims of the debtor in their improperly filed complaint against Paladin and the other named defendants. Nevertheless, it chooses to submit this opposition in view of the fact that the motion by HHT is patently frivolous and deserves to be rejected by this Court to save Paladin, this Court, and other potential parties from the need to address down the road the merits of its equally meritless action. As the Trustee has indicated in her Opposition, this estate is ready to be closed; HHT should it wish to do so may proceed in state court to bring any claims that it believes may exist.

As is discussed in further detail below, Paladin requests leave to file this opposition "late", as it was never served with the motion as is required and in fact HHT never filed this motion *in the very adversary proceeding in which it purports to be the plaintiff*, but only filed it in the main bankruptcy case of the debtor, and thus Paladin learned of the motion only on Friday, March 6, 2026. See Declaration of Mark M. Garay in Support of Response of Unserved Defendant Paladin Funding, Inc. to Creditor's Motion for Derivative Standing (hereinafter Garay Dec.") filed herewith, at ¶2.

As is set forth more fully below, HHT's motion should and must be denied, because:

1. The Trustee has chosen to allow the claim to lapse and her judgment should not be second-guessed. Plaintiff therefore lacked standing to file the Complaint (filed on the last permissible day), and as such the two-year Sec. 546 of limitations period has expired on any the "clawback" claims against Paladin. HHT is attempting an "end run" around the statute of limitations by somehow breathing life into a complaint that was improperly filed and is jurisdictional flawed.

2. Alternatively, discretionary relief should be denied, as HHT filed the complaint too long after the bankruptcy case was opened. It was aware of the facts stated in the

-2-

Case: 25-03089 Doc# 13 Filed: 03/10/26 Entered: 03/10/26 15:48:58 Page 3 of 8

complaint for years, and should and could have followed required procedures to obtain court approval to file. It did not and to date has never offered an acceptable explanation or excuse for the delay, and thus equitable relief should be denied. Allowing it to now proceed risks leaving the bankruptcy estate open for years.

3. The merits of the underlying claims as against Paladin – which this Court may consider for purposes of this motion – demonstrate that they fail as a matter of law, as the alleged payment by Debtor to Paladin was for value and thus can be avoided as a preference only if it occurred within 90 days before the filing of the bankruptcy, which is not the case here. Further, to the extent the Trustee's claim is barred by the statute of limitations, that would not change if it was pursued (whether by order of this Court or by purchase) by HHT.  The Trustee can only deliver what she owns. To the extent HHT believes it has viable claims under state law, it is free to bring such claims independently after this estate is closed; indeed, it could have done so any time over the past four years since the payment at issue was made in 2022.

4. The motion is procedurally flawed as it was never served on the parties in interest.

Paladin requests that this Court take judicial notice of the following facts as shown or set forth in the filings in this Adversary Action as well as in the underlying bankruptcy case.

1. In July 2021, Paladin loaned to a Teymourian entity (2700 Middlefield LLC [hereinafter "Middlefield"]) in the original principal sum of 750,000.00, and on August 22, 2022, Middlefield paid down the loan in the amount of $200,000 and thus its obligation to Paladin was reduced by this amount; it is this $200,000 that HHT is pursuing in this action. (See Adversary Complaint, ¶21.)

2. This bankruptcy case began on July 15, 2023, by HHT's filing of an involuntary petition in bankruptcy. The order for relief was granted on September 29, 2023. HHT has done little in that case other than its improper filing of the instant adversary complaint (hereinafter "the Complaint") on September 29, 2025 without having obtained court approval and over the objection of the Trustee.

3. Even after the complaint's filing, HHT did nothing to move the case forward, leading this court at the January 23, 2026 to chide HHT's counsel both for his inaction and

Case: 25-03089   Doc#13   Filed: 03/10/26   Entered: 03/10/26 15:48:58   Page 4 of 8
PALADIN FUNDING RESPONSE TO HHT TWO MOTION TO DERIVATIVE STANDING

{00098692.1}

his weak excuses for it and to require HHT to file this motion by February 6, 2026, which it did at the last possible moment. However, it filed the motion only in the main bankruptcy case of 201 El Camino and not in this adversary case, and it did not serve any of the purported named defendants, all of whom have a pecuniary interest in the outcome of this motion. And, even though the Trustee by its February 11, 2026 response to the motion invited HHT to seek to purchase the estate's claims against the adversary defendants, HHT failed to do so. (Garay Dec., ¶5)

STATEMENT OF LAW

1. PLAINTIFF LACKED STANDING TO FILE THE COMPLAINT AND LACKS STANDING TO ASSERT THE ESTATE'S CLAIMS AGAINST PALADIN OR ANYONE ELSE, AND ANY NEWLY-PERMITTED COMPLAINT WOULD BE BARRED UNDER SEC. 546

Paladin agrees with and joins the Trustee's arguments asserted in Par. 4 of TRUSTEE'S RESPONSE TO CREDITOR'S MOTION FOR DERIVATIVE STANDING (Feb. 11, 2026), in which the Trustee made it clear that Creditors may only in extraordinary circumstances assert the claims of the estate via derivative standing and may obtain such standing only with court approval. Granting the Motion would encourage procedural abuse by permitting procrastinating creditors to file and later seek "forgiveness over permission"— by rewarding unauthorized, post-SOL filings. HHT faces a high if not insurmountable bar to questioning the wisdom of the trustee's decision to not pursue the claim: In determining whether to confer derivative standing to assert avoiding powers even in the more lax circumstance where the request is made by a creditors' committee and in a Chapter 11 proceeding (where the debtor in possession is more susceptible to conflicts of interest), courts have generally considered four factors:

1. Whether a demand has been made upon the statutorily-authorized party to take action;

2. Whether the demand is declined;

3. Whether a colorable claim that would benefit the estate if successful exists, based on a cost-benefit analysis performed by the court; and

4. Whether the inaction is unjustified in light of the debtor-in-possession's duties in a

-4-

Case: 25-03089 Doc#: 13 Filed: 03/10/26 Entered: 03/10/26 15:48:58 Page 5 of 8

chapter 11 case.

*In re Roman Catholic Bishop of Great Falls* (Bankr. D. Mont. 2018) 584 B.R. 335, 338-39, 341. HHT has not even attempted to meet those standards.

Second, to the extent that HHT seeks this Court to exercise its *discretion* to allow it to step into the Trustee's shoes, its lack of diligence require rejection of the request. It is noteworthy that HHT essentially admits it needed relief from this court to file derivatively but claims it had no time to notice that motion before the statute ran. Complaint at 2, footnote. 1. However, HHT's motion does not explain why this Court should exercise its equitable discretion to allow derivative standing where (a) HHT waited so long to proceed, and (b) the underlying bankruptcy case of 201 El Camino LLC is almost ready to close (see Trustee's Response, at 2). No explanation is provided for the delay, making this a self-created emergency. Allowing derivative standing where the creditor bypassed proper procedures would undermine the bankruptcy process, particularly in Chapter 7 proceedings where trustee control is paramount.

Third, the significance of the last minute and unauthorized filing is that – because HHT lacked standing – its claim is time-barred under 11 USC 546, which requires filing within two years of the order for relief or appointment of the trustee. As to standing, the 9th Circuit has stated that, in general, trustees are the exclusive parties possessing the right to sue on behalf of the estate. Cf. *Moneymaker v. CoBen (In re Eisen)*, 31 F.3d 1447, 1451 n. 2 (9th Cir.1994) (stating that, in the context of an appeal of the bankruptcy court's order, "as trustee, Moneymaker is vested with Eisen's causes of action, rendering Eisen with no standing to appeal"). Accord *Estate of Spirtos v. One San Bernardino County Superior Court Case Numbered SPR02211*, 443 F.3d 1172 (9th Cir. 2006). Relation back under Bankruptcy Rule 7015 (incorporating Fed. R. Civ. P. 15(c)) fails because there is no valid original pleading to amend—the Complaint is void for lack of standing. *In re Interworks Unlimited Inc.*, 2022 WL 3446099, at *9-10 (B.A.P. 9th Cir. Aug. 19, 2022) (unpublished) (defective filings without standing do not toll SOL or allow relation back). See also *In re EPD Investment Co., LLC*, 523 B.R. 680, 692 (Bankr. C.D. Cal. 2015) (once § 546(a) expires, the trustee loses the right to commence the action, and retroactive standing cannot "resurrect" it; factually similar, the court

-5-

{00098692.1}

dismissed post-SOL avoidance claims filed by a creditor after abandonment, noting § 546 preempts state extensions and promotes finality). Therefore, any filing now would be too late.

2. THE MERITS OF THE UNDERLYING CLAIM AS AGAINST PALADIN FAIL AS A MATTER OF LAW, AS THE ALLEGED PAYMENT BY DEBTOR TO PALADIN WAS FOR VALUE AND THUS CAN BE AVOIDED AS A PREFERENCE ONLY IF IT OCCURRED WITHIN 90 DAYS BEFORE THE FILING OF THE BANKRUPTCY, WHICH IS NOT THE CASE HERE.

This Court also may refuse derivative standing where the underlying claim is patently defensible – i.e., not "colorable". As a general rule, a claim is colorable if it would survive a motion to dismiss brought under Bankruptcy Rule 7012(b), which incorporates Federal Rule 12(b)(6). *In re Rosenblum*, 545 B.R. 846, 864 (Bankr. E.D. Pa. 2016) (citing *In re Racing Servs., Inc.*, 540 F.3d 892, 900 (8th Cir. 2008) (additional citations omitted)).

Here, there is no cognizable claim against Paladin asserted. Repayment of a legitimate debt TO Paladin – which HHT does not dispute occurred here - constitutes value for purposes of fraudulent transfer law. See *In re Fitness Holdings Int'l, Inc.*, 714 F.3d 1141 (9th Cir. 2013). Even if it could pursue such a claim, HHT admits that the statute of limitations on its primary claims is two years; here, its filing of the Complaint was over *three* years after Paladin received the $200,00 payment at issue. Thus, HHT can proceed only on grounds that the payment was a preference, but this claim too is barred on its face as none of the bankruptcy filings involving Mr. Teymourian or his entities occurred within the 90-day preference period. The third and fourth claims for relief purport to bring what essentially are common law fraudulent transfer claims and assert that the Debtor "received less than reasonably equivalent value in exchange for the Transfers" (Complaint at 7), which is absurd, as Paladin in obtaining its own adversary judgment from this Court against Mr. Teymourian expressly credited him (and thus Debtor) with the full $200,000.00 amount it received. Garay Dec., ¶4.

Note also that, as HHT admits, the funds came to Paladin NOT from the debtor but from a third party (2700 Middlefield, LLC), placing a higher and likely unsurmountable bar to holding Paladin responsible for the return of those funds. See, e.g., *In re Bullion Reserve of North America*, 922 F.2d 544, 548 (9th Cir. 1991) (fraudulent transfer provisions apply only to transfers of property in which the debtor had an interest).

-6-

{00098692.1}

### 3. THE MOTION SHOULD BE DENIED FOR LACK OF SERVICE.

The Motion should be denied or continued for lack of proper service on Paladin and the other named defendants. Bankruptcy Rule 9014 governs contested matters, including motions for derivative standing, and requires both reasonable notice and an opportunity to be heard must be given to the party against whom relief is sought and service "in the manner provided for service of a summons and complaint by Rule 7004" on parties in interest. Fed. R. Bankr. P. 9014(b). HHT's counsel had many communications directly with Mr. Garay (Paladin's counsel and principal) and could readily have served or at least communicated with Paladin about the motion, but not only failed to do so but also failed to even file this motion in this adversary proceeding, with the effect of obscuring the very existence of the motion from Paladin.

Accordingly, Paladin respectfully requests that the instant motion be denied and the Complaint dismissed.

DATED: March 10, 2026          MARK M. GARAY

By: ___*/s/ Mark M. Garay*_____
MARK M. GARAY, Attorney for
PALADIN FUNDING, INC.

{00098692.1}